UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FIRST AMERICAN TITLE INSURANCE CO.,

                Plaintiff,

    v.

RAM ABSTRACT, LTD., EIVAZOV, LLC, VAYSBAUM & KAZAKEVICH, P.C., ALEX VAYSBAUM, ESQ., JOHN DOE #1 through JOHN DOE #10, the last ten names being fictitious and unknown to plaintiff,

                Defendants.

MEMORANDUM & ORDER
23-CV-6462 (NRM)(RML)

---

NINA R. MORRISON, United States District Judge:

    This case arises from a dispute regarding fraudulent mortgage payoff statements in a real estate transaction. Plaintiff First American Title Insurance Co. ("First American") hired Defendant Ram Abstract, Ltd. ("Ram") as a limited agent to issue title insurance policies on its behalf. Ram then served as the title closer for Omar Lozada Xochimitl and Christian Ezequiel Lozada Xochimitl (the "Purchasers"), who sought to buy a residential property from Defendant Eivazov, LLC ("Seller"). At all relevant times, Seller was represented by Defendants Vaysbaum & Kazakevich, P.C. and Alex Vaysbaum, Esq. (the "Vaysbaum parties").

    During closing, Ram attempted to clear title for the Purchasers by paying off two mortgages encumbering the property. However, Seller and the Vaysbaum parties received a fraudulent payoff statement by email from an unknown third party, who was not the true mortgage holder. That payoff statement was forwarded to Ram, who

1

then incorrectly made the mortgage payments to the fraudsters.  After discovering the fraud, Plaintiff properly cleared title and brought this diversity action against Ram, Seller, and the Vaysbaum parties to indemnify its losses.  Compl., ECF No. 1.

On May 17, 2024, the Vaysbaum parties moved to dismiss all claims against them.  Mot. to Dismiss, ECF No. 34.  On January 29, 2025, this Court respectfully referred the motion to Magistrate Judge Robert M. Levy for a Report and Recommendation ("R&R").  Order Referring Mot. to Dismiss dated January 29, 2025.  On September 16, 2025, Judge Levy issued an R&R recommending that the Court grant the motion to dismiss.  R. & R., ECF No. 55.  Defendant Ram timely filed objections.  Obj. to R. & R. ("Obj."), ECF No. 57.  Plaintiff did not object.

For the reasons that follow, the Court adopts Judge Levy's thorough and well-reasoned R&R in its entirety.

## **DISCUSSION**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "When a party submits timely and specific objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected." *Mancuso v. Kijakazi*, No. 22-CV-5633 (KMK), 2023 WL 6311289, at *1 (S.D.N.Y. Sep. 28, 2023).  Until recently, courts in this circuit have generally adhered to the rule that "objections which merely recite the same arguments to the magistrate judge[] are reviewed for clear error." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018)

(quoting *O'Diah v. Mawhir*, No. 08-CV-322 (TJM), 2011 WL 933846, at *1 (S.D.N.Y. Mar. 16, 2011)); *see, e.g., Burrell v. Maciol*, No. 19-CV-1629 (TJM), 2022 WL 856878, at *1 (N.D.N.Y. Mar. 23, 2022). However, the Second Circuit recently clarified that "that principle should be applied *only* 'when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.'" *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) (emphasis in original) (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022)); *see also id.* at 360–61 (noting the "indispensable" role that Magistrate Judges play in the federal judicial system, while underscoring the need to preserve litigants' constitutional right of access to an Article III judge). Thus, "[w]here a litigant's objections take 'issue with a specific legal conclusion in the report and recommendation,' they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." *Id.* at 361 (quoting *Miller*, 43 F.4th at 121).

In its objections, Ram raises two challenges to the R&R. First, Ram reiterates the claim from its opposition to the Motion to Dismiss that the Vaysbaum parties had a near-privity relationship with Plaintiff. *See* Obj. at 3–5;[1] Mem. in Opp'n to Mot. to Dismiss ("Opp'n") at 11–16, ECF No. 36. Ram then argues that it is premature to dismiss the Vaysbaum parties as the potential assumption of a duty is a matter to be determined at discovery. The Court finds neither claim persuasive.

---

[1] Unless otherwise indicated, all page references use the pagination generated by the Electronic Case Filing System.

3

## I. No Privity Between Plaintiff and the Vaysbaum Parties

Ram argues that the Vaysbaum parties assumed a duty of care to Plaintiff because the Vaysbaum parties "transferred the Fraudulent payoff letters to the Buyer and knew that the Buyer relied on such payment." Obj. at 4. This is the same argument that Ram made in its opposition to the Motion to Dismiss. *See* Opp'n at 8–10 (arguing that by "circulating the Fraudulent Payoff, the Vaysbaum Parties unquestionably knew that the other parties in the transaction relied upon the attorney representations"). However, because Ram identifies and takes issue with the R&R's specific finding that there is no privity between Plaintiff and the Vaysbaum parties, the Court reviews the claim *de novo*.

Ram's argument is unpersuasive. Ram relies on a number of cases in which courts found an assumed duty between an attorney and a non-client, but none of these cases present facts similar to those here. For example, in *Crossland Sav. FSB v. Rockwood Ins. Co.*, 700 F. Supp. 1274 (S.D.N.Y. 1988), the court ruled that a law firm may have assumed a duty to a third party where the firm executed an opinion letter for the benefit of the third party at the client's direction and request, and the letter "specifically state[d] that it may be relied upon by [the third party]." *Id.* at 1283. And in *Schwartz v. Greenfield, Stein and Weisinger*, 396 N.Y.S.2d 582 (Sup. Ct. 1977), the court found that an attorney violated an assumed duty to a third party where the attorney failed to file a copy of the security agreement as required by UCC § 9-401(1) after "draw[ing] the required documents[ and] agree[ing] to file and thereby perfect the security agreement." *Id.* at 582. *See also Curtis v. Berutti*, 176 N.Y.S.3d 423, 431

4

(Sup. Ct. 2022) (finding a "near privity" relationship where it was "patently obvious" that the law firm was retained for the third party's benefit as replacement counsel, and where "it [wa]s indisputable that [the law firm] Defendants were aware that their services would be used" in such fashion).

Here, by contrast, Plaintiff has not pled facts showing any similar affirmative action taken by the Vaysbaum parties to create a near-privity relationship with Plaintiff. In its objections, Ram points only to the fact that the Vaysbaum parties forwarded the email containing the fraudulent payoff statement to the Buyer. But as the R&R notes, not only would such an action "fall short of what is required to show an assumption of duty," Plaintiff's complaint does not even allege that it was the Vaysbaum parties — rather than the Seller — who forwarded the email. R. & R. at 11–12; *see* Compl. ¶¶ 38, 46, ECF No. 1 (alleging that "Seller and the Vaysbaum Parties received a second email" with the fraudulent payoff statement, then that "Ram's title closer[] was provided the Fraudulent Payoff at the closing").

Finally, Ram does not address or attempt to distinguish this case from *First Am. Title Ins. Co. v. Liberty Land Abstract Inc.*, No. 600326-22, 2022 WL 19573929 (N.Y. Sup. Ct. July 26, 2022), which presented nearly identical circumstances, and on which the R&R relies. *See* R. & R. at 12–13. In that case, Liberty, acting as title closer for First American, was also duped by a fraudulent payoff statement sent by fraudsters masquerading as the true mortgage holders. *Liberty Land Abstract Inc.*, 2022 WL 19573929, at \*1–3. The fraudsters sent the false statement to the seller, who forwarded it to their attorneys, who then forwarded it to Liberty. *Id.* The court

5

found that plaintiff failed to "allege that the [] Defendants assumed a duty to provide an accurate payoff statement . . . . The Complaint merely asserts that the [] Defendants transmitted the Fraudulent Payoff Statement and does not contain any factual allegations that the [] Defendants represented that they would verify the accuracy of that payoff statement." *Id.* at *8.  The same is true here.  And while *Liberty Land* is not strictly binding on this Court, its reasoning is instructive and highly persuasive.

## II. Not Premature to Dismiss Prior to Discovery

Ram next argues that it is premature to grant a motion to dismiss at this stage because "there is certain discovery that is outstanding to confirm the Vaysbaum [parties] had a duty, or even assumed a duty, in the underlying real estate transaction."  Obj. at 5.  As a threshold matter, this is a new argument not raised before Judge Levy, and "it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Allied Design & Constr., LLC*, 335 F. Supp. 3d at 351 (quoting *Illis v. Artus*, 06-CV-3077 (SLT), 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009)).

In any case, the claim is without merit.  While determining the existence of a near-privity relationship between two parties is one that could potentially be further developed in discovery, that would only be the case had the Complaint actually alleged that the Vaysbaum parties had assumed or otherwise generated such a duty.  The problem, as clearly identified in the R&R, remains that Plaintiff simply "does not

6

allege facts establishing privity or a relationship closely resembling privity between it and the Vaysbaum parties." R. & R. at 11. And neither Ram nor Plaintiff is "entitle[d] to discovery to develop new claims or defenses that are not already identified in the pleadings." *United States ex rel. Bilotta v. Novartis Pharms. Corp.*, No. 11-CV-0071 (PGG), 2015 WL 13649823, at *2 (S.D.N.Y. July 29, 2015) (quoting Fed. R. Civ. P. 26(b)(1) Advisory Committee Note–2000 Amendments); *see also Tottenham v. Trans World Gaming Corp.*, No. 00-CV-7697 (WK), 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2022) ("Discovery . . . is not intended to be a fishing expedition, but rather is meant to allow parties to flesh out allegations for which they initially have at least a modicum of objective support.") (quoting *Cleveland-Goins v. City of New York*, No. 99-CV-1109 (AGS), 1999 WL 673343, at *2 (S.D.N.Y. Aug. 30, 1999))).

## CONCLUSION

For the foregoing reasons, the Court adopts the well-reasoned R&R in its entirety. Defendants Vaysbaum & Kazakevich, P.C. and Alex Vaysbaum, Esq.'s motion to dismiss is granted, and all claims against those defendants are dismissed with prejudice.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:   January 28, 2026
         Brooklyn, New York